UNITED STATES of America, Plaintiff,

v.

Aleksandrs V. LAURINS, Defendant.

No. CR–87–0170 SAW.

United States District Court,
N.D. California.

May 7, 1987.

Joseph P. Russoniello, U.S. Atty., Jay R. Weill, Asst. U.S. Atty., Chief, Tax Div., San Francisco, Cal., for plaintiff.

Lawrence A. Merryman, Marvin S. Cahn, San Francisco, Cal., for defendant.

## ORDER

WEIGEL, District Judge.

The government's motion to compel Bartholomew Lee to testify came on for hearing May 7, 1987. The Court has considered the briefs, arguments of counsel, and the entire record.

The Court finds that the attorney-client privilege does not exist between attorney Bartholomew Lee and the defendant with respect to Lee's representation of Gold Depository & Loan Co., Inc. ("GDL") in *United States v. Sandfort, et al.*, No. C–84–2075–SAW.

 Communications otherwise protected by the attorney-client privilege are not protected if the communications were made in furtherance of a contemplated or ongoing crime or fraud. *In Re Sealed Case*, 754 F.2d 395, 399 (D.C.Cir.1985); *United States v. Hodge and Zweig*, 548 F.2d 1347, 1354 (9th Cir.1977). To over-

come a claim of privilege, the government must make a prima facie showing of a violation sufficiently serious to defeat the privilege and of some relationship between the communication and the violation. *In Re Sealed Case*, 754 F.2d at 399.

The government has met its burden of showing a violation sufficiently serious to defeat the privilege. Obstruction of justice is such a violation. *Id.* The government also has evidence that establishes the elements of obstruction of justice. GDL employees have testified at depositions that, after the IRS issued the summons, Laurins instructed the employees to box all of GDL's books and records. Laurins then took the boxes to his home. Laurins had filing cabinets and a copy machine delivered to his house. Although Laurins claimed the records had been sent to London, the employees had no knowledge of such a shipment and Laurins was able to provide copies of GDL documents overnight. (See Depositions of Tracy Higginbotham, Nancy Griffin, John Griffin, and Cynthia Van Praag) The government alleges that the FBI eventually found the documents in Laurins' home.

 The government also has shown a relationship between the attorney-client communication and the prima facie violation. The government need not prove that the attorney knew of his client's scheme. *Hodge & Zweig*, 548 F.2d at 1354. It is enough that the attorney's services furthered the client's crime or fraud. *Id.* at 1354; *In Re Sealed Case*, 754 F.2d at 402. Here, Lee made representations to the Court as to the location of the documents. (Weill Declaration, exhibit 2) According to Lee, these representations resulted, in part, from his conversations with Laurins. (Lee Deposition, p. 29) Thus, there is a clear link between the prima facie violation and the attorney-client communications.

Accordingly,

IT IS HEREBY ORDERED that Bartholomew Lee shall not claim the attorney-client privilege with respect to conversations he had with defendant regarding

Lee's representation of GDL in *United States v. Sandfort,* No. C–84–2075 SAW.